ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| ALBERTO ÁVILA ROMÁN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00211 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PA-04-26<br><br>Sobre: Solicitud de Remedio Administrativo |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2026.

**I.**

Comparece *in forma pauperis* y por derecho propio el Sr. Alberto Ávila Román (señor Ávila Román o Recurrente) mediante un recurso de revisión judicial. Junto a su escrito, el Recurrente unió una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*, la cual examinamos y damos por aprobada.

Ponderado el expediente de autos, sin ulterior trámite y a tenor de las Reglas 7(B)(5) y 83(B)(1)(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), determinamos prescindir del escrito en oposición y desestimamos el recurso del título por falta de jurisdicción.

Surge del expediente que, el 7 de diciembre de 2025, sellado el 15 de enero de 2026, el Recurrente instó la *Solicitud de Remedio Administrativo* PA-04-26 dirigida a Physician Correctional.[1] En esencia, peticionó un cambio de fisiatra, en referencia al Dr. Joezer Lugo Ranal. Narró que, durante una consulta con el galeno en Bayamón, le informó sobre una caída previa, desde la litera superior, por lo que le realizaron un estudio

---

[1] Anejo II del recurso.

radiológico. En particular, un MRI cervical sin contraste.[2] Afirmó que el médico le respondió que no tenía constancia de dicho estudio ni sus hallazgos. Posteriormente, al Recurrente le aseguraron que los resultados se encontraban en el expediente médico. Además, el señor Ávila Román cuestionó que el doctor Lugo Ranal le ordenara unas terapias de ejercicios, a pesar de que otra doctora le recomendó que no hiciera fuerzas. Apuntó también que el fisiatra le dijo que le iba a recetar unos medicamentos para los dolores crónicos, pero presuntamente no incluyó la receta en el expediente y, como consecuencia, la farmacia no los despachó. El Recurrente narró que, en una consulta posterior, el fisiatra brindó un servicio médico poco ético e ineficiente. Por ello, declinó verlo en una cita médica de seguimiento.

En la *Respuesta del Área Concernida/Superintendente*, emitida el 30 de enero de 2026 y sellada el 10 de febrero de 2026, se expresó:[3]

> Respondo a su solicitud de remedio administrativo indicándole que al momento de contestar la misma usted fue trasladado a otra institución fuera del Complejo Correccional de Ponce. Le sugiero solicitar nuestros servicios en la institución donde se encuentra y discutir minuciosamente lo que usted plantea con el médico de su institución para la búsqueda de alternativas. De tener alguna otra necesidad clínica favor de solicitar el *sick call* o la sala de emergencia según la urgencia.

El 19 de febrero de 2026, con sello de 4 de marzo de 2026, el señor Ávila Román instó una *Solicitud de Reconsideración*.[4] Reiteró su petitorio y describió los síntomas que, a su entender, requerían la consulta con un fisiatra, pero no el doctor Lugo Ranal, debido al imputado trato durante las consultas anteriores. En la *Respuesta de Reconsideración al Miembro de la Población Correccional*, recibida por el Recurrente el 12 de marzo de 2026, se expresó:[5]

> Luego de evaluar la totalidad del expediente determinamos lo siguiente: se conf[i]rma la *Respuesta* del Área Médica.
>
> Sr. Ávila Román, en su *Solicitud [d]e Remedio* [a] usted le interesa un cambio de personal médico. Al ser trasladado a

---

[2] Anejo I del recurso.
[3] Anejo III del recurso.
[4] Anejo IV del recurso.
[5] Anejo V del recurso.

otro complejo le corresponde solicitar los servicios médicos que entienda son necesarios a través de *sick call*.

En consecuencia, la *División de Remedios Administrativos* (DRA) denegó la *Reconsideración*. De esta determinación administrativa, el Recurrente acudió ante nos, mediante el recurso de epígrafe, el cual firmó y fechó el 24 de marzo de 2026.

Si bien no enunció ningún señalamiento de error, el Recurrente planteó que no se le habían brindado alternativas ni una ayuda médica adecuada. Cabe mencionar que sí hizo constar en su escrito el aludido traslado a Guayama 500, el 23 de enero de 2026. En esa institución fue ubicado en una celda para personas con impedimentos. Allí, consultó con un médico internista, a quien le explicó sus padecimientos. Apostilló, sin embargo, que el galeno no le brindó ninguna alternativa. Adujo que igual falta de soluciones ha recibido luego de varios servicios de *sick call*. Dijo que necesita el medicamento *Neurontin*, pero que Physician Correctional supuestamente prohibió recetarlo. También mencionó que lleva bastón, pero que requiere de un andador o una silla de ruedas.

En la presente causa, conforme reseñamos, el Recurrente recibió la *Respuesta de Reconsideración al Miembro de la Población Correccional* el **12 de marzo de 2026**. En ésta, se le instruyó a solicitar servicios médicos y discutir la situación del cambio de fisiatra en la institución penal donde fue trasladado. Claro está, aun cuando Physician Correctional mostró cierta disposición a complacerlo, lo cierto es que ni la selección o exclusión de un médico en particular y mucho menos la receta de un medicamento en específico constituye parte de los derechos del paciente-confinado.[6] De hecho, esos son asuntos estrictamente médicos, no judiciales. Por supuesto, Physician Correctional está obligado a dar fiel cumplimiento a los derechos consignados a favor de los confinados cuando solicitan sus servicios médicos.

---

[6] Véase, Anejo VI del recurso.

Ahora bien, a partir de la fecha de notificación del dictamen impugnado, determinamos que el término para recurrir expiró el **13 de abril de 2026**.[7] No obstante, el sello electrónico en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones muestra la fecha de 24 de abril de 2026. Tampoco puede constatarse de manera fehaciente la fecha en el sello de correo postal; aunque a manuscrito en tinta roja surge la fecha de 20 de abril [de 2026], también tardía. Por lo tanto, debemos concluir que el recurso fue presentado fuera del término jurisdiccional de treinta (30) días dispuesto en la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto* Rico, 3 LPRA sec. 9601 *et seq.*

En fin, un recurso prematuro al igual que uno tardío, "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no se puede acortar ni extender. *Ruiz Camilo v. Trafón Group, Inc.,* 200 DPR 254, 268 (2018). Como se sabe, el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que se incumplan las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003). Así, pues, ante la dilación para presentar el recurso, nos vemos impedidos de ejercer nuestra facultad revisora.

**IV.**

Por los fundamentos expuestos, se desestima el recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] El 11 de abril de 2026 fue sábado.